United States Bankruptcy Court
Southern District of Illinois


In re:                                          )
Michael P. McNeil                               )          Case No. 09-60___
Yvonne L. McNeil                                )
                                                )
                                                )
        Debtor(s)                               )


### Motion for Leave to File Non- Conforming Plan


        Comes now the debtor, Michael P. McNeil and Yvonne L. McNeil, by their attorney Ken
Gano, of Ken Gano, attorney and moves this honorable court for leave to file a non-conforming
Chapter 13 Plan and in support states:


1.  Debtors have filed a Petition in this cause.

2.  Local Rules of Practice require the use of a standard form Chapter 13 Plan.

3.  The standard form does not address the particular concerns of these debtors.  By way
    of example and not limitation, the standard form does not provide for the situation
    where the debtors may need to accept executor contracts in order to fund the plan and
    make it feasible.

4.  In order for these debtors to propose, in good faith, a feasible plan it is desirable to
    significantly alter the Court's form plan, to, among other things, allow the debtor to
    accept certain executor contracts in order to have sufficient funds available to fund
    their plan.

5.  Attached hereto and incorporated herein is the proposed Chapter 13 plan of these
    debtors.


        Wherefore the debtors pray for leave to file the attached Chapter 13 plan as their initial
plan in this case.

                        Michael & Yvonne McNeil, by


                        /s/ Ken Gano

Ken Gano, their attorney

303 6th Street

Charleston, IL 61920-1558

217-345-6111

KenGano@Consolidated.net


Certificate of Service


I certify that the foregoing was served by U. S. Post, postage prepaid, in sealed envelopes and mailed from Charleston, Illinois on Monday, August 17, 2009 and address to:


Bob Kearney

POB 998

Benton, Illinois 62812-0998


Bankruptcy US Trustee

401 Main Street, Suite 1000

Peoria, Illinois 61602-1259


David Frisse

307 West Wood, POB 430

Paris, Illinois 61944-0430


Marianne Pogge

3300 Heley Road

Springfield, IL 62711


____/s/ Ken Gano_____

United States Bankruptcy Court
Southern District of Illinois

| | | |
|---|---|---|
| In re: | ) | |
| Michael P. McNeil | ) | Case No. |
| Yvonne L. McNeil | ) | |
| | ) | ☒ Original Chapter 13 Plan |
| | ) | ☐ Amended Plan Number _____ |
| Debtor(s) | ) | (Changes must be underlined) |

## CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT
## (NON CONFORMING)

***GENERAL ORDER 07-5 and 08-3 :*** The provisions of the Court's General Order 07-5 and 08-3 are incorporated herein by reference and made part of this plan. The Order is available at www.ilsb.uscourts.gov.

***YOUR RIGHTS WILL BE AFFECTED:*** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan set out below must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed and served within 20 days after the conclusion of the § 341 meeting of creditors. Objections to an amended plan must be filed and served within 20 days after the date of filing of the amended plan. **If you have a secured claim, this plan may void or modify your lien if you do not object to the plan.**

***THIS PLAN DOES NOT ALLOW CLAIMS:*** Except for the payment of current on-going mortgage payments paid by the Trustee, creditors must file a timely proof of claim to receive distribution under a confirmed plan and to receive average monthly payments as set forth in the Debtor(s)' Plan.

### 1. *PAYMENTS*

The Debtor or Debtors (hereinafter "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 3 | $2,110.00 | $6,330.00 |
| 4 | 4 | $40,000.00 | $40,000.00* |
| 5 | 60 | $2,110.00 | $118,160.00 |
| TOTAL | | | $164,490.00 |

*(proceeds from sale of debtor interest in Land Trust #645)

**The payment shall be withheld from the debtor's paycheck:**          ☐ Yes          ☒ No

**Employee's name from whose check the payment is deducted:  Not applicable**

**Employer's name, address, city, state, phone:  Not applicable**

**Debtor is paid: ☒ Monthly ☐ Twice monthly     ☐ Weekly     ☐ Biweekly   ☐ Other**

**☐ This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.**

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST COMMENCE WITHIN 30 DAYS OF THE FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENTS TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**ORDER OF DISTRIBUTION**

The following order of priority shall be utilized by the Trustee with respect to all payments received from the Debtor:

1. Any unpaid portion of the filing fee;
2. Notice fees equal to $.50 per page of the Plan, multiplied by the number of names listed on the Debtor's mailing matrix;
3. The trustee's fees for each disbursement, the percentage of which is fixed by the U.S. Trustee;
4. Other allowed administrative expenses;
5. On-going mortgage payments as set forth in the Debtor's Plan (or as later modified), attorney's fees, secured creditors, and executory contracts/leases (to be paid pro-rata based upon the average monthly payment amount);
6. Priority creditors as set forth in the Debtor's Plan;
7. Any special class of Unsecured Creditors as set forth in the Debtor's Plan ; and
8. General Unsecured Creditors.

**ATTORNEY FEES**

Attorney's fees (select one):

☒ Debtor's counsel elects the following fixed fee: [ ] $_____ ($3,500.00 or less for a consumer case); or ☒] $4,000.00 ($4,000.00 or less for a business case), of which counsel has received $1,000.00 pre-petition. The average monthly payment amount to be received by Debtor's counsel is $ 500.00 (not to exceed $500.00 per month).

☐] Debtor's counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees. No fees shall be disbursed until a fee application is approved by the Court; however, the Trustee shall reserve a total of $3,500.00 for payment toward such application,

pursuant to the Order of Distribution. Said funds shall be reserved at the average monthly amount of $300.00

## 2. *OTHER ALLOWED ADMINISTRATIVE EXPENSES*

Such Claims are as follows

Name: Trustee Est. Amount of Claim: $EST. $17,900.00

## 3. *PRIORITY CLAIMS*

*Such Claims are as Follows:*

### A) Domestic Support Obligations:

1) None. If none, skip to Other Priority Claims.
2) Name of Debtor owing Domestic Support Obligation .
3) The name(s), address(es) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101 (14A) and estimated arrearage:

| Name | Address, City and State | Zip Code | Est. Arrearage |
|---|---|---|---|
| Mary Kathleen Alexander | 12620 West Highway EE Rocheport, MO | 65279-9526 | $35,710.00 (same as below) |

**The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.**

### B) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B):

1) None. If none, skip to Other Priority Claims.
2) Name of Creditor, total estimated arrearage claim, estimated amount to be paid through the Plan, and the state agency case number:

| Creditor | Total Est. Arrearage Claim | Est. Amount to be paid | State Agency # |
|---|---|---|---|
| Missouri Child Support 3418 Knipp Drive S Jefferson City, MO 65102 | $35,710.00 | $35,710.00 | CV19877909DR |

**C) Other Priority Claims:**

| Creditor | Basis for Priority | Estimated Claim |
|---|---|---|
| **Clark County Treasurer & Collector 501 Archer Avenue / Courthouse Marshall, IL 62441** | **11 USC 507(a)(8) Taxes** | **$4,223.79** |

3. *REAL ESTATE - CURING DEFAULTS AND MAINTAINING PAYMENTS:*
Payments shall be made by the trustee if the plan addresses a pre-petition default. Otherwise, payments may be made directly by the Debtor to the creditor. Where there are arrearages, all post-petition payments are to begin on the first due date after the month in which the petition is filed. All fees and/or charges incurred by the creditor prior to the date of the entry of discharge, which are assessed against the debtor either before or after discharge, must be approved by the Court. All payments received from the trustee must be credited by the creditor as the Plan directs. See Amended General Order 07-5 and General Order 08-3.

**A) Payment of arrearages are as follows:**

| Creditor | Description of Collateral | Est. Arrearage | Int. Rate (If any) | Avg. Monthly Pmt. |
|---|---|---|---|---|
| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | "Home" residence 703 E. Washington St. Casey, IL | $8,063.13 | 5.25% | $168.02 |
| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | "Church" Property, 201 & 203 NW 3rd St. Casey, IL | $3,371.12 | 5.25% | $70.23 |
| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | "Mom's House" 505 SE 1st St. Casey, IL | $3,138.52 | 5.25% | $65.38 |
| Prairie State Bank and Trust 621 W. Lincoln Avenue Charleston, IL | "Old House" 601 SW 2nd St., Casey, IL | $500.00 | 5.25% | $10.42 |

| 61920-2445 | | | | |
|---|---|---|---|---|
| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-016061920-2445 | 51961, 82257 and judgment lien "Cross collateralized" | $54,815.57 | 8% | 458.50 |

**B) Payment of on-going mortgage payments made by the Trustee are as follows**:

| Creditor | Account # | Payment address | Monthly Mortgage Pmt. | Date 1st Pmt. Due |
|---|---|---|---|---|
| Preferred Bank | 31790000051616 | 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | $703.68 | October 1, 2009* |
| Preferred Bank | 3179000008 | 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | $305.76 | October 1, 2009# |
| Prairie State Bank and Trust | 9982460000042033 | 621 W. Lincoln Avenue Charleston, IL 61920-2445 | $178.07 | October 1, 2009@ |

(*Creditor will retain a mortgage interest in 703 E. Washington {"home'} which shall be $82,446.06 after the 54th month of this plan)

(#Creditor will retain a mortgage interest in 201 & 203 NW 3rd Street {"Church"} which will be $35,781.33 after the 54th month of the plan)

(@Creditor will retain a mortgage interest in 601 SW 2nd St., Casey, IL ("Old Home) " which will be $20,838.84 after the 54th month of the plan)

Absent objection and upon successful completion of the Plan all mortgages will be determined in the above amounts.  All mortgages not specifically mentioned above will be discharged and released.

**C) Payment of on-going mortgage payments made directly by the Debtor are as follows**:

| Creditor | Account # | Payment address | Monthly Mortgage Pmt. | Date 1st Pmt. Due |
|---|---|---|---|---|
| None | | | | |

("Mon's house" – 505 SE1st is subject to an existing Contract for Deed. This Plan anticipates that the funds for payment in full of Preferred Bank account #31790000052159. Debtor proposes allowing this payment to continue to be made directly for the funds from the contract "outside the plan.")

(Part of the property held by Land Trust 645 is under mortgage to Preferred Bank {acct #52244}. Debtor proposes selling his interest in Land Trust 645 to provide funds for this plan and the application of those funds to the pool.)

**D) Real Estate Property Tax Claims (beginning in tax year 2009, payable in 2010) shall be paid as follows:**

        ☒ By Debtor Directly
        ☐ Included in the mortgage payment
        ☐ Debtor is not required to pay real estate taxes

## 4. *SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. § 506*

### A) Secured Claims to which §506 Valuation is NOT Applicable ("910 Claims"):

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days preceding the date of the filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and in average monthly payments as specified below.

| Creditor | Collateral to be Retained | Est. Claim Amount | Interest Rate | Avg. Monthly Pmt. |
|---|---|---|---|---|
| First Financial Bank N 1401 S 3rd St Terre Haute, IN 47802 | 2006 Pontiac Solstice | $10,787.00 | Contract | $516.00* |
| Ford Motor Credit Po Box 542000 Omaha, NE 68154 | 2006 Ford Taurus | $8,280.00 | Contract | $286.00* |

**\*Both vehicles will be paid in full prior to the completion of the plan**

### B) Secured Claims to which §506 Valuation is Applicable ("Cram Down Claims"):

Claims listed in this subsection are debts secured by personal property NOT described in the immediately preceding paragraph of this plan. These claims will be paid either the scheduled value of the secured property or the secured amount of that claim, whichever is less, with interest as provided below and in estimated monthly payments as specified below. Any portion of a claim that exceeds the scheduled value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor | Collateral to be Retained | Scheduled Debt | Value | Interest Rate | Avg. Monthly Pmt. |
|---|---|---|---|---|---|
| None | | | | | |

### C) Surrender of Property:

The Debtor surrenders any and all right, title and interest in the following collateral. If applicable, any unsecured deficiency claim must be filed within 160 days of the Petition date.

| Creditor | Collateral to be Surrendered | Location | Est. Monies Previously Paid by Trustee |
|---|---|---|---|
| None | | | |

### 5. SEPARATELY CLASSIFIED CLAIMS

| Creditor | Secured / Unsec. | Amount | Int. Rate (If Any) | Avg. Monthly Pmt. | Paid by Trustee/Other |
|---|---|---|---|---|---|
| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | Secured "Mon's Home" | $45,526.37 | 7.75% | $344.20 | Other (contract purchaser – mother) |
| Prairie State Bank and Trust 621 W. Lincoln Avenue Charleston, IL 61920-2445 | Secured "Land Trust Properties" | | | | Other (co-owner of land trust will be solely responsible |

| Preferred Bank 602 North State Highway 49 POB 160 Casey, IL 62420-0160 | Secured "Land Trust Properties" | | | | Other (co-owner of land trust will be solely responsible |
|---|---|---|---|---|---|
| Other (co-owner of land trust will be solely responsible | Secured "Operating note, rendered to State Court Judgment and cross collateralized | $16,926.60 | 5.25% | $382.38 | Trustee |

## 7. *EXECUTORY CONTRACTS AND UNEXPIRED LEASES* All executory contracts and unexpired leases are **REJECTED**, except the following which are assumed:

**A)** Payment of executory contracts and unexpired leases made by the Debtor are as follows:

| Creditor | Account # | Payment Address | Monthly Pmt. | Date 1st. Pmt Due |
|---|---|---|---|---|
| none | | | | |

**B)** Payment of executory contracts and unexpired leases made by the trustee are as follows:

| Creditor | Account # | Payment Address | Monthly Pmt. | Date 1st. Pmt Due |
|---|---|---|---|---|
| none | | | | |

**C)** Payment of arrearages by the Trustee are as follows:

| Creditor | Account # | Payment Address | Monthly Pmt. | Date 1st. Pmt Due |
|---|---|---|---|---|
| | | | | |

**Executory Contracts to Susan Oehm and Robert and Susan Brown and specifically ACCEPTED and are integral to the funding and feasibility of this Plan.**

8. *UNSECURED CLAIMS*: The amount necessary to pay all classes of unsecured creditors pursuant to 11U.S.C. §§ 1325(a)(4) and 1325(b) is $00.00 . The amount estimated to be paid to non-priority unsecured creditors is $00.00  All non-priority unsecured creditors may share in any pool of money left after all administrative, priority, and secured claims have been paid. Non-priority unsecured creditors to be paid pro-rata. *If the Plan proposes to pay all classes of unsecured creditors 100% of their allowed claims, leave the above spaces blank and check here _____ .*

9. *POST PETITION CLAIMS*: Post-petition claims shall not be paid by the Trustee unless the Debtor amends the plan to specifically address such claims. Absent such an amendment, the trustee shall not disburse any monies on said claims and these debts will not be discharged.

10. *LIEN RETENTION*: With respect to each allowed secured claim to be paid in full through the plan, the holder of such claim shall retain the lien securing its claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of the discharge order under 11 U.S.C. § 1328.

11. *PROOF OF LIEN PERFECTION*: Any creditor(s) asserting a secured claim must provide the chapter 13 Trustee, the Debtor, and Debtor's counsel with proof of lien perfection at the time its claim is filed and may attach such documentation to its Proof of Claim. See General Order 08-4.

12. *VESTING OF PROPERTY OF THE ESTATE*: Property of the estate shall revest in Debtor upon confirmation  of the Debtor's plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. § 1306.

13. *PAYMENT NOTICES*: Creditors in Section 3 (whose rights are not being modified) and in Section 6 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

14. *OBJECTIONS TO CLAIMS*: Any objection to a timely filed unsecured claim shall be filed within forty-five (45) days following the expiration of the claims bar date for that claim. Objections to secured and/or amended claims shall be filed within forty-five (45) days from the claims bar date, or within forty-five (45) days from the date of filing of the claim, whichever is later.

15. *STAY RELIEF*: Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to

the extent that an unsecured deficiency claim is subsequently filed and allowed. Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

16. ***DEBTOR REFUNDS***: Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any **erroneous** overpayment of **regular** monthly payments received during the term of the Plan that have not been previously disbursed.

17. ***PLAN NOT ALTERED FROM OFFICIAL FORM***: By filing this Plan, the Debtor and Debtor's counsel represent that the Plan is the official form authorized by the Court. Changes, additions or deletions to this Plan are permitted **only** with Leave of Court.

18. ***REASON(S) FOR AMENDMENT(S)***:


Debtor(s)' Declaration Pursuant to 28 U.S.C. §1746.

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct to the best of my knowledge and belief.


_____8/17/'09_____

Dated

_____/s/ Ken Gano_____

Signature of Counsel


_____

Signature of Debtor

_____

Signature of Joint Debtor